**Sara Petra Martinez De MARROQUIN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICES, Respondent.**

No. 01–70286.

INS No. A71–597–013.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 2002.

Decided Aug. 5, 2002.

Before HUG, FARRIS, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Sara Petra Martinez De Marroquin ("Marroquin") seeks review of her final order of deportation issued by the Board of Immigration Appeals ("BIA") affirming the immigration judge's decision denying her motion to reopen and dismissing her appeal. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), as modified by the transitional rules for judicial review contained in § 309(c)(4) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). We deny the petition for review. Because the parties are familiar with the factual and procedural history of this case, we do not recount it here except as necessary to explain our decision.

On appeal, Marroquin argues that, following her deportation order, a paralegal at "One Stop Immigration" advised her to file an adjustment of status application with the INS. This advice was incorrect, however, as once an alien has been placed in deportation proceedings, such motions can only be pursued in the immigration court. *See* 8 C.F.R. § 245.2(a)(1). Accordingly, Marroquin should have sought to adjust her status through the immigration court by means of a motion to reopen.

This error was compounded by the fact that the INS, acting on the application

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

filed by "One Stop Immigration," issued an employment authorization to Marroquin and held several adjustment of status interviews spanning three years. According to Marroquin, this only served to create a reasonable belief on her part that she was taking the necessary steps to adjust her status.

Marroquin argues that by the time she discovered this was the incorrect route (March 3, 1998, when the INS informed her that it lacked jurisdiction), it was too late to file a motion to reopen. *See* 8 C.F.R. § 3.23(b)(1) (a motion to reopen must be filed within 90 days of the date of entry of a final order of deportation or on or before September 30, 1996 whichever is later.) Accordingly, Marroquin contends that had it not been for 1) the error at "One Stop Immigration" and 2) the BIA's error in not discovering that it lacked jurisdiction earlier, Marroquin could have learned of the need to file a motion to reopen with the immigration court by the necessary deadline.

As a result, Marroquin argues that her time for filing a motion to reopen should be equitably tolled. In support of this argument, she relies on this court's decision in *Socop–Gonzalez v. INS*, 272 F.3d 1176 (9th Cir.2001) (en banc).

In *Socop*, this court noted that the time-frame for filing a motion to reopen is subject to equitable tolling. *Id.* at 1190. However, the court was faced primarily with the issue of whether Socop had actually exhausted a tolling argument below. *Id.* at 1183. Socop had not explicitly raised an "equitable tolling" claim to the BIA but had instead labeled his claim as one of "equitable estoppel." *Id.* at 1184. Nonetheless, Socop did allege facts in his briefs to the BIA that are the kind of facts one would raise in support of a claim seeking equitable tolling. *Id.* This factor, along with the fact that the BIA had actually addressed the argument as one of equitable tolling, were sufficient to warrant a finding that Socop had exhausted his claim. *Id.* at 1186.

In contrast, Marroquin did not even use the phrase "equitable estoppel" much less "equitable tolling," nor did the BIA address the issue. Although Marroquin did state in her brief to the BIA that she "had a reasonable expectation that she had remained in the United States with the INS' permission," nowhere did Marroquin allege the kinds of facts one would raise when presenting a claim for equitable tolling.

For example, Marroquin's statement of facts contained in her brief to the BIA says nothing about the advice received at "One Stop Immigration."[1] Marroquin merely states that "[o]n March 28, 1995, the Respondent filed an application for adjustment of status...." In addition, unlike the alien in *Socop*, nowhere below did Marroquin allege that she filed her application incorrectly because of bad advice on the INS' part. Nor does Marroquin allege facts that would indicate that "by the exercise of reasonable diligence [she] could not have discovered essential information bearing on the claim." *Socop*, 272 F.3d at 1185. She merely alleges that her continued meetings with INS officials and the issuance of a work authorization lead her to "a reasonable expectation that she had remained in the United States with the INS' permission."

These omissions are not trivial. If Marroquin had truly been trying to raise an equitable tolling argument below, she likely would have mentioned the "One Stop Immigration" fact in her motion to reopen or her brief to the BIA. She did not. In fact, she never even addressed why she

---

**1.** Marroquin's motion to reopen also made no mention of this.

filed the adjustment of status application with the INS instead of the immigration court. If one were attempting to make out a claim for equitable tolling, such an explanation would appear necessary.

It is the conclusion of this court that, because Marroquin failed to exhaust her equitable tolling claim below, the petition for review is **DENIED**.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.